CALLAHAN, Circuit Judge
concurring and dissenting.
I concur in the holding that the district court properly dismissed plaintiffs second amended complaint for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) and 9(b). However, I remain of the opinion set forth in our initial memorandum disposition that the district court did not abuse its discretion in denying plaintiff leave to again amend his complaint.
We review a trial court’s denial of leave to amend a complaint for abuse of discretion. United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir.2011). This discretion is particularly *671 broad when the plaintiff has previously amended the complaint. Ascon Prop., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989). We have further held that leave to amend may be denied when an amendment would be futile. See Klamath-Lake Pharmaceutical Ass’n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir.1983); Miller v. Yokohama Tire Corp., 358 F.3d 616, 623 (9th Cir.2004).
Here, the district court properly determined that any amendment would be futile. Plaintiff filed his qui tarn complaint in 2008, and the United States declined to intervene in 2010. In 2011, the defendants first moved to dismiss, but the district court granted plaintiff leave to file an amended complaint. Plaintiff filed a 33-page second amended complaint with an appendix listing over 260 various projects for which six different entities had over a ten-year plus period of time billed the State of Oregon in order to receive compensation from the United States. Defendants again moved to dismiss and on March 16, 2012, the district court granted the motion without leave to amend.
In granting the motion to dismiss, the district court found that plaintiff: (1) “still tries to equate general allegations of substandard work to an [False Claims Act] claim”; (2) failed to heed the district court’s determination that the claims “were not amenable to representative example type pleading”; and (3) advanced representative examples that still did “not connect any person to the alleged fraudulent conduct, or state when and where the conduct occurred.” The court further held that “because there are insufficient allegations of the billings themselves, the complaint fails to allege with the requisite specificity defendants’ intent vis-a-vis the federal government, what information was presented to the federal government, ... or what role the information provided in the federal government’s decision to pay.”
Our consistent, and unanimous, affirmance of the district court’s grant of the motion to dismiss confirms the propriety of the district court’s determinations. The majority, however, suggests that while plaintiffs “representative examples” do not allege “with particularity a consistent course of conduct, or scheme of systemic fraud,” plaintiffs second amended complaint “contains specific examples that, if brought as individual claims, could potentially provide sufficient particularity to satisfy Rule 9(b).”
I cannot agree with such speculation. Plaintiff in twice responding to motions to dismiss never asserted individual claims with sufficient specificity. More importantly, the majority does not identify any specific example that actually contains sufficient particularity to support an individual claim. Rather, the majority suggests that some unspecified examples “could potentially provide sufficient particularity.” This seems to me to be wishful thinking, particularly because the district court noted, and plaintiff does not really contest, that plaintiff does not have access to the information on billing, the records and practices underlying the defendants’ billing for work performed, or “materials provided relating to the road construction in issue.”
Having affirmed the district court’s dismissal of the second amended complaint without in any way disagreeing with its reasoning, I cannot conclude that the court abused its discretion in denying leave to amend. Indeed, insisting that plaintiff be granted leave to file a third amended complaint appears to be a futile exercise that unnecessarily burdens the district court and the defendants. Accordingly, I would not have granted the petition for rehearing *672 and I dissent from the order remanding the case to the district court.